## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

A. MICHAEL TURNER                    *
9011 Marcella Avenue
Randallstown, Maryland 21133         *

    Plaintiff,                   *

    v.                           *        Civil Action No.:

R. JAMES NICHOLSON,                  *
Secretary,
Department of Veteran Affairs        *
810 Vermont Ave NW
Washington, DC 20420                 *        **JURY TRIAL DEMAND**

                                     *

    Defendant.                   *

                              *

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### COMPLAINT

NOW COMES, A. Michael Turner (hereinafter "Plaintiff" or "Turner"), through counsel, Thomas B. Corbin, P.A., and complains against the Department of Veteran Affairs (hereinafter "DVA") and in support thereof states the following:

### Jurisdiction and Venue

1. This action arises under the provisions of Title VII of the Civil Rights Act of 1964, (Title VII), as amended, 42 U.S.C. §§ 2000e, *et seq.,* and the Civil Rights Act of 1981*,* 42 U.S.C. § 1981, as hereinafter more fully appears. The subject matter jurisdiction of this Court is properly invoked pursuant to the provisions of 28 U.S.C. §§ 1331 and 1343. Venue is proper in this Court pursuant to 42 U.S.C. § 2000e. This Court has personal

jurisdiction over the Defendants as citizens of the District of Columbia, or as persons who transact business within the District of Columbia.

### Nature of the Action

2.  Plaintiff brings this action to secure protection of rights granted under the statutes mentioned above, to redress deprivation of rights thereunder, and to obtain such other relief as is necessary to redress the injury to Plaintiff resulting from Defendant's violation of those statutes.

3.  Plaintiff's damages are significant, including, but not limited to, the loss of salary, reputation, career advantage, emotional tranquility and denial of his statutory rights. By this Complaint, Plaintiff seeks to vindicate his right to fair treatment and equal opportunity.

### Parties

4.  Plaintiff is an adult citizen of the United States and a resident of the State of Maryland.

5.  Defendant is a government agency that resides in the District of Columbia.

6.  During all relevant times, Defendant employed Turner.

7.  At all relevant times, Defendant was an "employer" as defined by 42 U.S.C. § 2000e(b), and employed the requisite number of employees.

### Administrative Procedure

8.  On March 11, 2005, Turner initially contacted the Agency's EEO office.

9.  EEO determined that Turner met all procedural requirements, and accepted Turner's claims of race discrimination and harassment based on race and retaliation.

10. On April 8, 2005, a Notice of Right to File a Discrimination Complaint was addressed to Turner.

11. Turner mailed his complaint to the Office of Resolution Management via certified mail and it was received on April 25, 2006.

12. The case was decided without a hearing, and an adverse ruling was issued to Turner, by the Raleigh Area Office of the EEOC.

13. On December 19, 2006, the Agency mailed its Final Decision to Turner.

14. Having met all procedural prerequisites set forth in § 706 of Title VII (42 U.S.C. § 2000e-5), Turner filed the instant lawsuit, within 90 days of his receipt of the Notice.

**Allegations Common to All Counts**

15. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 14 with the same effect as if herein fully set forth.

16. Defendant employs Turner as a Medical Technologist, GS-11, in its Pathology and Laboratory Service.

17. Turner has worked with the Agency for fourteen (14) years.

18. Turner is very knowledgeable about his department's procedures..

19. His performance has always been acceptable.

20. Turner is the only African-American on his shift.

21. The section was supervised by Peregrina Lee.

22. Lee has a language barrier, and she often speaks in her native tongue in the workplace.

23. In December 2004, Turner wrote a letter to his Congressman in which, he complained that Black employees, in the Pathology and Laboratory Services of the Agency, were subjected to disparate treatment in hiring and promotions.

24. The last three promotional opportunities in his department were awarded to Asian (Filipino) employees.

25. On January 19, 2005, Lee, the evening supervisor, sent Turner several email messages regarding incomplete laboratory specimens.

26. Turner disputed the processing of the specimens with Lee.

27. On February 18, 2005, Lee sent Turner a counseling email for not reading his email everyday before he commenced work, and because of tardiness.

28. Turner also received a report of contact concerning these incidents.

29. Turner believes that the subject counseling and reports were predicated on racial animus, as opposed to an objective view of his performance.


## COUNT I

**(Action under Title VII for Discrimination Based on Race)**

30. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 29 with the same effect as if herein fully set forth.

31. The discipline meted out to Turner was pretextual and harassing, and predicated upon his race.

32. Turner was treated less favorably than similarly situated white employees.

33. Defendant's unlawful employment practices were committed with deliberate indifference towards the well being and rights of Plaintiff.

34. The unlawful employment practices complained of herein were done intentionally, with malice or with reckless indifference to the federally protected rights of Plaintiff.

## COUNT II

### (42 U.S.C.A. § 1981)

35. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 34 with the same effect as if herein fully set forth.

36. Turner was disciplined because of his race.

37. Turner was treated less favorably than similarly situated white employees.

38. Defendant's unlawful employment practices were committed with deliberate indifference towards the well-being and rights of Plaintiff.

## Count III

### (RETALIATION)

39. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 38 with the same effect as if herein fully set forth.

40. The discipline Turner received, followed his criticism of the Department to his congressman.

WHEREFORE, Plaintiff, A. Michael Turner, prays this Court to grant the following relief:

    A. That this Court grants a permanent injunction, enjoining Defendant, its officers, agents, servants and employees, attorneys and all persons in active concert or participation with them, including their successors and assigns, from engaging in

any employment practice which discriminates against individuals based the unlawful
practices delineated in this Complaint.

B.  That this Court enters an order commanding the Defendant to carry out policies
and programs, which provide equal employment opportunities, and which will
eradicate the effects of their past and present unlawful employment practices;

C.  That this Court enters judgment in favor of Plaintiff and against the Defendant, for
appropriate wages and benefits, with prejudgment interest in amounts it is
determined that Plaintiff loss because of Defendant's unlawful conduct.

D.  That this Court enters judgment in favor of Plaintiff and against Defendant for
compensatory damages in the amount of $1,000,000.00 and punitive damages in
the amount of $1,000,000.00, including but not limited to damages for mental
anguish and humiliation, with interest.

E.  That this Court grants Plaintiff attorney's fees and costs in this matter and;

F.  That this Court grants such further relief as the Court deems necessary and
proper, and in the public interest.

## Demand For Jury Trial

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands trial by jury for all issues
pled herein so triable.

Dated this 10th day of March 2007.

Respectfully submitted,

**Thomas B. Corbin, P.A.**

_____
Thomas B. Corbin
Maryland Bar No.: 26577
201 North Charles Street
Suite 2202
Baltimore, MD  21201
(410) 685-0400
(410) 685-0707 (Fax)
email: thoscorbin@aol.com


Counsel for Plaintiff

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I (a) PLAINTIFFS

A. Michael Turner

## DEFENDANTS

R. James Nicholson, Secretary
Department of Veteran Affairs

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas B. Corbin
Thomas B. Corbin, P.A.
201 North Charles Street, Suite 2202
Baltimore, Maryland 21201
(410) 685-0400

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
**(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)**

### ○ A. Antitrust

- ☐ 410 Antitrust

### ○ B. Personal Injury/ Malpractice

- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review

- ☐ 151 Medicare Act

**Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

**Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**Other Statutes**
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. Habeas Corpus/ 2255 | ○ H. Employment Discrimination | ○ I. FOIA/PRIVACY ACT | ○ J. Student Loan |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☒ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ K. Labor/ERISA (non-employment) | ○ L. Other Civil Rights (non-employment) | ○ M. Contract | ○ N. Three-Judge Court |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

---

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 U.S.C. 2000e

**VII. REQUESTED IN COMPLAINT** ☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23   **DEMAND $** 1,000,000   Check YES only if demanded in complaint   **JURY DEMAND:**   YES ☒   NO ☐

**VIII. RELATED CASE(S) IF ANY** (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 4/4/05   SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.