IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ARVIN-MICHAEL TURNER, : | |
| : | |
| Plaintiff : | |
| : | |
| v. : | |
| : | |
| R. JAMES NICHOLSON, SECRETARY : | Civil Action No.: 07-643 RBW |
| U.S. DEPARTMENT OF VETERANS : | |
| AFFAIRS, : | |
| : | |
| Defendant : | |
| : | |

**ANSWER**

COMES NOW, the undersigned Assistant United States Attorney, for and on behalf of defendant R. James Nicholson, Secretary, Department of Veterans Affairs, and in response to the Complaint filed in the above styled and numbered action, answers as follows:

**FIRST DEFENSE**

The complaint is or may be barred by the applicable statute of limitations.

**SECOND DEFENSE**

The complaint fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

The Court lacks subject matter jurisdiction over plaintiff's claim for punitive damages, which are not cognizable, against the Secretary of the United States

Department of Veterans Affairs based on an employment discrimination claim in the federal government.

**FOURTH DEFENSE**

The Court lacks subject matter jurisdiction over the plaintiff's claim of retaliation because he failed to exhaust his administrative remedies to the extent he did not allege retaliation as a basis for his complaint during the administrative processing of his claims of discrimination.

**FIFTH DEFENSE**

Without waiving any other defense herein elsewhere asserted and answering specifically the numbered paragraphs of the complaint utilizing the same numbering, the defendants plead as follows:

1. Defendant, the U.S. Department of Veterans Affairs (Agency), denies that any illegal or discriminatory actions were taken by Agency personnel with the Agency against Arvin-Michael Turner (Plaintiff) on any bases, including but not limited to his allegations of racial and retaliatory discrimination in violation of Title VII of the Civil Rights Act of 1964.

## JURISDICTION AND VENUE

2. Defendant denies that the Agency or its personnel took any action, which violated or deprived the complainant of his rights under the statutes referenced in paragraph No. 1.

3. Defendant denies that the complainant suffered any damages, including but not limited to, the loss of salary, reputation, career advantage, emotional tranquility, and denial of any statutory rights as a result of any action by the Agency or its personnel.

## PARTIES

4. Defendant admits that the plaintiff is an adult citizen of the United States and a resident of the state of Maryland.

5. Defendant admits that it is a government agency located in the District of Columbia.

6. Defendant admits that the plaintiff was an employee of the Agency at all times relevant hereto.

7. Defendant denies that it is an "employer" as defined by 42 U.S.C. §2000e(b).

## ADMINISTRATIVE PROCEDURE

8. Defendant denies that the plaintiff initially contacted the Agency's EEO office on March 11, 2005.

9. Defendant admits that the plaintiff's claims of race discrimination and harassment based on race and retaliation were accepted by the Agency for investigation.

10. Defendant admits that a Notice of Right to File a Discrimination Complaint was addressed to the plaintiff on April 8, 2005.

11. Defendant can neither admit nor deny that the plaintiff's formal complaint was sent via certified mail or that it was received by the Agency's Office of Resolution Management on April 25, 2006.

12. Defendant admits that the plaintiff's formal EEO complaint was decided in the Agency's favor without a hearing by an Administrative Judge in the EEOC Raleigh Area Office.

13. Defendant admits that the Final Agency Decision was mailed to the plaintiff on December 19, 2006.

14. Defendant denies that the plaintiff filed the instant lawsuit within 90 days of his receipt of the Final Agency Decision.

## ALLEGATIONS COMMON TO ALL COUNTS

15. Defendant reaffirms its responses to the allegations contained in paragraphs 1-14 of this Complaint.

16. Defendant admits the allegations contained in paragraph number 16.

17. Defendant admits the allegations contained in paragraph number 17.

18. Defendant denies the allegations contained in paragraph number 18.

19. Defendant denies the allegations contained in paragraph number 19.

20. Defendant denies the allegations contained in paragraph number 20.

21. Defendant admits the allegations contained in paragraph number 21.

22. Defendant denies the allegations contained in paragraph number 22.

23. Defendant denies the allegations contained in paragraph number 23.

24. Defendant denies the allegations contained in paragraph number 24.

25. Defendant admits the allegations contained in paragraph number 25.

26. Defendant admits the allegations contained in paragraph number 26.

27. Defendant admits the allegations contained in paragraph number 27.

28. Defendant admits the allegations contained in paragraph number 28.

29. Defendant denies the allegations contained in paragraph number 29.

**CLAIMS FOR RELIEF**

Count 1: Action under Title VII for Discrimination Based on Race

30. Defendant reaffirms its responses to the allegations contained in paragraphs 1-29 of this Complaint.

31. Defendant denies the allegations contained in paragraph number 31.

32. Defendant denies the allegations contained in paragraph number 32.

33. Defendant denies the allegations contained in paragraph number 33.

34. Defendant denies the allegations contained in paragraph number 34.

Count 2: 42 U.S.C.A. §1981

35. Defendant reaffirms its responses to the allegations contained in paragraphs 1-34 of this Complaint.

36. Defendant denies the allegations contained in paragraph number 36.

37. Defendant denies the allegations contained in paragraph number 37.

38. Defendant denies the allegations contained in paragraph number 38.

Count 3: Retaliation

39. Defendant reaffirms its responses to the allegations contained in paragraphs 1-38 of this Complaint.

40. Defendant denies the allegations contained in paragraph number 40.

AND NOW, having fully answered the complaint heretofore filed against it, the Defendant respectfully request that Plaintiff's complaint be dismissed in its entirety.

Respectfully submitted,

\_\_\_/s\_/_____
JEFFREY A. TAYLOR, D.C. BAR #498610
United States Attorney

\_\_/s/_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

\_\_/s/_____
ALEXANDER D. SHOAIBI, D.C. BAR #423587
Assistant United States Attorney
5O1 Third Street, N.W., Rm E-4218
Washington, D.C.  20530
(202) 514-7236

## CERTIFICATE OF SERVICE

      I hereby certify that on this __19th__ day of September, 2007, I caused the foregoing Defendant's Answer  be served via ECF on plaintiff's counsel.

                                            /s/
                                    ALEXANDER D. SHOAIBI
                                    Assistant United States Attorney

CERTIFICATE OF SERVICE

I, ALEXANDER D. SHOAIBI, Assistant United States Attorney, hereby certify that I have this day mailed, postage prepaid, a true copy of the foregoing Answer of Defendant to Complaint on this the _____ day of September 2007 to the following:

Thomas B. Corbin, Esq.
201 North Charles Street
Suite 2202
Baltimore, MD 21201
Fax: 410-685-0707

                                                                _____
                                                                ALEXANDER D. SHOAIBI
                                                                Assistant United States Attorney